IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cr-30084-SMY-2 |
| | ) |
| DONALS C. RIDLEY | ) |
| | ) |
| Defendant. | ) |

### ORDER

**YANDLE, District Judge:**

Defendant Donald C. Ridley was convicted of bank robbery and related charges on October 3, 2014, following a jury trial. He was sentenced to 246 months' incarceration. The Court also entered a restitution judgment against Ridley in the amount of $115,098 plus a special assessment of $500. The United States moves this Court for an order authorizing the Federal Bureau of Prisons to turnover to the Clerk of Court non-exempted funds in the amount of $10,680.17 held in Ridley's inmate trust (Doc. 169). Ridley filed a response (Docs. 170, 171). For the following reasons, the motion is **GRANTED**.

Under 18 U.S.C. § 3613(a), "notwithstanding any other Federal law (including section 207 of the Social Security Act) a judgment imposing a fine may be enforced against all property or rights to property of the person fined" subject to limited exemptions. This provision applies to restitution as well as fines. 18 U.S.C. § 3613(f). A restitution judgment creates a "lien in favor of the United States on all property and rights to property of the person fined," which is treated like a federal tax lien. 18 U.S.C. § 3613(c). The Government is entitled to enforce a restitution order under the Federal Debt Collection Procedures Act, or "all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A).

Ridley asserts that his trust account balance should not be applied to his restitution debt because (1) the money is child support; (2) his regular payments are not in default, and Government is not entitled to enforce the restitution judgment against his trust fund balance; and (3) that $6000 of the $10,680.17 balance is inheritance money his grandmother gifted to Ridley's sons that was accidently placed in his account.  Ridley's arguments are unavailing.

There is no evidence supporting Ridley's assertion that he is subject to a child support judgment.  And although he makes regular payments, Ridley's restitution payment schedule reflects the minimum obligation of a debtor; it is not a limitation on the Government's enforcement powers.  *See Cisneros v. Alpine Ridge Group*, 508 U.S. 10, 18 (1993).  Finally, Ridley has not provided sufficient information, such as a valid will, for the Court to determine if the money is inheritance belonging to his sons.  The restitution lien created by 18 U.S.C. § 3613(c) attached to the funds because they were in Ridley's trust account and within his control.

For the foregoing reasons, the Motion to Authorize Payment (Doc. 169) is **GRANTED**. Pursuant to 18 U.S.C.§§ 3613(a) AND 3664(n), the Bureau of Prisons is **ORDERED** to turn over to the Clerk of Court the $10,680.17 in encumbered funds belonging to Ridley that are currently in his trust account and the Clerk of Court shall accept funds currently held in the trust account for the following inmate:

>  Donald C. Ridley
>  Reg. No. 35181-044
>  USP Hazelton
>  P.O. Box 2000
>  Bruceton Mills, WV 26525

The Clerk shall apply these funds as payment towards the criminal monetary penalties owed by Defendant Ridley in this case.

Payments are to be made payable to the Clerk of the District Court, 750 Missouri Avenue,

East St. Louis, Illinois 62201.   The Plaintiff is to provide a copy of this Order to the Federal Bureau of Prisons.

    **IT IS SO ORDERED.**

    **DATED:   July 19, 2023**

                                        **STACI M. YANDLE**
                                        **United States District Judge**